UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.   3:16-cv-00929-HNJ |
| | ) | |
| SCREW PRODUCTS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION AND ORDER**

This diversity civil action proceeds before the court on Plaintiff Whitesell Corporation's ("Whitesell") Motion for Leave to File Third Amended Complaint. (Doc. 47). Plaintiff's proposed amended complaint seeks to add: (1) Bill Marthens, the sole owner, director, and officer of Defendant Screw Products, Inc. ("SPI") as a defendant; and (2) a claim of negligent/fraudulent misrepresentation against both SPI and Marthens.

Based upon the following discussion, the court **GRANTS IN PART** and **DENIES IN PART** Whitesell's motion. Specifically, the court will permit the amended pleading as to the requested additions, except that Whitesell cannot aver the negligence claim against Marthens.

## BACKGROUND

Whitesell alleges that on or about January 29, 2015, it contracted with SPI and Marthens ("Defendants") to purchase fifty-six thousand (56,000) five-eighths inch (5/8") nominal size, Type I hardened steel flat washers. These washers conformed to a specification of hardness that the American Society for Testing and Materials ("ASTM") established (the "F436 specification"). The parties commemorated this purchase in writing, and Whitesell's General Terms and Conditions for Supplier governed the contract. In the proposed amended complaint, Whitesell adds an allegation that the F436 specification constituted a material element of the contract.

Whitesell alleges that on or about January 30, 2015, Defendants delivered 56,000 washers to Whitesell's facility in Colbert County, Alabama. In the proposed amended complaint, Whitesell adds new contentions: the invoice and shipping documents reflected that the washers conformed to the F436 specification, the washers displayed a "F436" label, and Whitesell paid $1,537.20 for these washers in reliance upon Defendants' representations that the washers met the F436 specification.

Whitesell's customer subsequently purchased these washers for use in assembling multiple, bolted joint applications on its commercial flatbed trailers. In addition to the washers, Whitesell supplied other fasteners that its customer installed with the washers to assemble multiple, bolted joint applications. on trailers. These bolted joint applications hold together a trailer's landing gear, wheel assembly, structural

supports, kingpin, axle placement adjuster, and the coupling used to attach a trailer to a truck.

On or about May 13, 2015, the customer allegedly informed Whitesell that cracks developed in the washers following installation in the trailers' bolted joints. Whitesell investigated immediately to determine whether the washers contained defects. Upon completing an initial investigation, Whitesell sent a Notice of Supplier Concern to Defendants on or about June 29, 2015. This notice declared that the washers did not conform with the F436 specification, and a subsequent investigation and testing confirmed the washers' defects and nonconformities.

Whitesell alleges that the broken washers damaged and diminished the structural integrity and strength of the other fasteners installed with the washers, and the washers also damaged the bolted joint applications. The washers rendered each affected trailer unsafe until the customer could replace the fasteners and assess the damage to the related components. Therefore, as Whitesell alleges, the events compelled its customer to replace all fasteners containing the washers at a cost exceeding $1,000 per damaged trailer.

Moreover, the National Highway Traffic Safety Administration ("NHTSA") issued a product safety recall on the defective and nonconforming washers, requiring substantial remediation and replacement of all installed washers together with all fastener system components used with the washers. On August 7, 2015, Whitesell

reimbursed its customer for the cost of repairing the trailers that the faulty washers damaged.

Whitesell provided documents to the Defendants demonstrating the defective washers' failure to meet the F436 specification, and subsequently demanded remuneration for the costs incurred as a result of the defective washers. Whitesell alleges that it provided details identifying (1) the NHTSA product recall, (2) the direct and proximate connection of the damage to Defendants' defective washers, and (3) the resulting costs to Whitesell and its customers. Whitesell highlights Defendants' failure to compensate Whitesell for any of these costs, despite repeated requests.

## PROCEDURAL HISTORY

On June 3, 2016, SPI removed this action from the Circuit Court of Colbert County, Alabama. (Doc. 1). On October 4, 2016, the court issued a Rule 16 Scheduling Order. (Doc. 11). The scheduling order contained deadlines that the parties stipulated, including the completion of discovery by August 1, 2017, and the submission of dispositive motions by September 1, 2017. (*Id.*)

Since the issuance of the initial scheduling order, the parties have requested two separate continuances of discovery and dispositive order deadlines, and Whitesell has filed two amended complaints. The current amended Scheduling Order established the discovery deadline at June 1, 2018, and the dispositive motions deadline at July 16, 2018.

(Doc. 38). Pertinently, the Scheduling Order sets the deadline at April 2, 2018, for Whitesell to add additional causes of action or parties. (*Id.* at 1).

On April 2, 2018, Whitesell filed a Motion for Leave to File Third Amended Complaint. (Doc. 47). In the proposed amended complaint, Whitesell claims new facts that it allegedly learned upon deposing Bill Marthens—the alleged sole owner, director, and officer of SPI—on March 2, 2018. Whitesell alleges that despite Defendants' representations that the washers provided to Whitesell met the F436 Specification, Defendants had no idea whether their representations were accurate. Defendants understood the importance of complying with the F436 Specification, yet Marthens stated in his deposition that he possessed no knowledge of who conducted the testing on the washers or the tester's certifications. Whitesell contends that Marthens and SPI proclaimed this material representation to Whitesell "with neither the intention nor the capability to independently ensure its veracity." (Doc. 47-1 at 7).

Whitesell's proposed amended complaint asserts the same seven claims present in its former complaints: negligence, breach of implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, breach of express warranty, breach of contract, unjust enrichment, and damage to property. Whitesell's proposed amended complaint seeks to add: (1) a claim of negligent/fraudulent misrepresentation against both SPI and Marthens; and (2) Marthens as a party defendant. The court addresses each argument in turn.

ANALYSIS

## A. Whitesell's Negligent/Fraudulent Misrepresentation Claim

Whitesell seeks to add a claim of negligent/fraudulent misrepresentation against both SPI and Marthens. This section will assess the request as to SPI, reserving issues regarding the addition of Marthens for subsequent sections. Because this claim relates back to the original complaint, the court **GRANTS** Whitesell's request to add the claim of negligent/fraudulent misrepresentation against SPI.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Absent circumstances not relevant here,[1] a party may amend the pleadings only by leave of the court or the adverse party's written consent. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Unless a substantial reason exists to deny leave to amend, "the discretion of the District Court is not broad enough to permit denial." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006)(internal quotations omitted). A court may reject an amended pleading due to the moving party's undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by prior amendments, or where allowing the amendment would cause undue prejudice to the opposing party. *See Halpin v. Crist*, 405 F. App'x 403, 408-09 (11th Cir. 2010)(quoting *Corsello v. Lincare, Inc.*, 4287 F.3d 1008, 1014 (11th Cir. 2005)).

---

[1] A party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after an opposing party serves a required responsive pleading or motion. Fed. R. Civ. P. 15(a)(2).

At the outset, the court finds that Whitesell satisfies the Rule 15(a) standards. The record does not exhibit any undue delay, bad faith, dilatory motives, or repeated failure by Whitesell to cure deficiencies in prior amended pleadings. Therefore, the court cannot ascribe any improper motivations to Whitesell's request to amend its pleadings.

The court, however, need not allow an amendment that would prove futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The court may deny a proposed amendment for futility "when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010)(quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Courts routinely dismiss complaints as futile when proposed new claims run afoul of a statute of limitations. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993)( denying amendment as futile because statute of limitations expired); *Presnell v. Paulding Cnty., Ga.*, 454 F. App'x 763, 768 (11th Cir. 2011)(holding that the district court did not abuse its discretion in denying Plaintiff's motion to add the new parties, as the claims would have been barred by the statute of limitations, and thus the amendment was futile); *Adams v. Kellett*, 360 F. App'x 67, 70 (11th Cir. 2010)("[E]ven if Plaintiffs had followed the proper procedures in seeking leave to amend, such an amendment would have been futile because the claims that Plaintiffs seek to add would also be time-barred."); *Foster v. State Auto Property and Casualty Company*, No. 2:09-cv-0620-SLB, 2010 WL 11561710, at *1 (N.D. Ala. Mar. 14,

2010)("In denying Foster's Motion to Amend the Complaint, the court found that the proposed claims were barred by the applicable statute of limitations, and therefore futile.")

Alabama law enacts a two-year statute of limitations on actions of legal fraud, including negligent misrepresentation.[2] *See* Ala. Code § 6-2-38(l) (1975). Although

---

[2] Alabama Code § 6-5-101 governs claims of fraud based on misrepresentation. *See Bryant Bank v. Talmage Kirkland & co.*, 155 So. 3d 231 (Ala. 2014). This statute "recognizes a fraud claim based on innocent misrepresentation [and] the elements of willfulness or recklessness need not be proven on such a claim." *Resolution Trust Corp. v. Mooney*, 592 So.2d 186, 188 (Ala. 1991). Under Federal Rule of Civil Procedure 9(b), where a plaintiff's complaint alleges "fraud or mistake", a party must state with particularity the circumstances constituting fraud or mistake. Specifically, under this heightened pleading standard, a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Because "fraud" serves as a general word with many different definitions in the legal context, whether a plaintiff has "state[d] with particularity the circumstances constituting fraud" depends on the nature of the "fraud" at issue. *See Houston v. Bayer Healthcare Pharmaceuticals, Inc.*, 16 F. Supp. 3d 1341, 1350 (N.D. Ala. 2015) (citing Fed. R. Civ. P. 9(b)).

Under Alabama law, the elements of a misrepresentation claim include: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) which was reasonably relied on by the plaintiff under the circumstances, and (4) which caused damage as a proximate consequence. *See Bryant*, 155 So. 3d at 238 (internal citations omitted). Although SPI did not contest the particularity of Whitesell's negligent/fraudulent misrepresentation claim averred in the proposed amended complaint, the court may *sua sponte* raise this issue. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)(holding that a district court may *sua sponte* dismiss an action "as long as the procedure employed is fair"); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071-72 (11th Cir. 2007)(affirming district court's *sua sponte* dismissal of statutory fraud claims because the claims failed to comply with the specificity requirements of Rule 9(b) and the district court "did not foreclose the plaintiffs' opportunity to address this deficiency by dismissing this claim *sua sponte*" because it granted leave to amend).

The court finds that Whitesell's negligent/fraudulent misrepresentation claim meets Rule 9(b)'s heightened pleading standard. Whitesell's claim alleges: (1) which parties bargained and contracted for the washers; (2) Defendants' knowledge that the washers' compliance with the F436 specification constituted a material requirement of their contract; (3) the specific representations Defendants made to Whitesell; (4) Defendants' lack of knowledge regarding the washers' compliance with the F436

Whitesell's negligent/fraudulent misrepresentation claims against SPI appear to be time-barred, and thus futile, Rule 15(c) permits relation back of claims in appropriate circumstances that apply at bar. Specifically, Rule 15(c)(1)(B) permits a claim to relate back to the date of the original complaint – and thus assume its filing date for purposes of the statute of limitations -- if the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

In essence, the terms "conduct, transaction, or occurrence" signal that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (citations omitted). The rule permits relation back "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes ." *Id.* at 657 (citation omitted). An amendment asserting a new legal theory passes muster "if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading. . . . Thus, an amendment 'that changes only the legal theory of the action, or adds another claim arising out of the same

specification; (5) Whitesell relied on Defendants' representations; (6) Defendants financially benefitted from their misrepresentations; and (7) Whitesell suffered damages as a natural and proximate consequence of Defendants' misrepresentations. (Doc. 47-1 at 13-14). Whitesell's allegations fulfill each requirement listed in *Am. Dental Ass'n* and therefore meet the "particularity" requirement under Rule 9(b).

transaction or occurrence, will relate back.'" *Bonerb v. Richard J. Caron Found.*, 159 F.R.D. 16, 19 (W.D.N.Y. 1994) (citations omitted).

Whitesell's negligent/fraudulent misrepresentation claim arises out of the same core of operative facts – in both time and type -- described in Whitesell's original complaint. As stated in the original complaint, Whitesell averred that SPI negligently breached a duty of "ordinary reasonable care" by "improperly . . . delivering, . . . supplying, . . . testing, marketing, selling, [and] warranting, [defective] washers." These averments sufficiently notified SPI of a possible negligent/fraudulent misrepresentation claim, as Whitesell alleges in the proposed amended complaint virtually identical facts for the claim: the Defendants represented that the washers it supplied "complied with the F436 Specification" yet "had no way of knowing whether the washers did in fact meet the F436 Specification." The duties and circumstances underlying the negligence and negligent/fraudulent misrepresentation claims nearly converge, and thus the latter claim relates back to the original complaint. As a result, Whitesell's negligent/fraudulent misrepresentation claim against SPI clearly falls within the limitations period.

SPI argues that the court should not permit Whitesell to add this claim because this proposed amendment will force it to defend a new cause of action "designed solely at increasing Plaintiff's alleged damages" and to undergo additional delays in concluding this litigation. (Doc. 49 at 11). Prejudice to the defendant remains the most frequent

reason that courts deny motions for leave to amend the complaint. *See* 6 Wright & Miller, Fed. Prac. & Pro. 2d § 487. Therefore, the court must examine the facts of each case to determine if the threat of prejudice justifies denying leave to amend. *Giraldo v. Drummond Co., Inc.*, No. 2:09-cv-1041-RDP, 2011 WL 13136941, at *2 (N.D. Ala. Sept. 27, 2011)(internal quotations and citations omitted). To reach this decision, the court considers the position of both parties and the effect the request will have on them. *Id.* "This entails an inquiry into the hardship to the moving party if the court denies leave to amend, the reasons for the moving party failing to include the material to be added to the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *Id.*

The court disagrees that addition of Whitesell's negligent/fraudulent misrepresentation claim at this stage of the proceedings would be prejudicial. SPI highlights the fact that this case has been pending since May 5, 2016. However, the "passage of time, without anything more, is an insufficient reason to deny leave to amend." *Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989)(citation omitted), *rev'd on other grounds*, 499 U.S. 530 (1991). Furthermore, SPI's actions occasioned some delay during the pendency of this action, so it cannot decry any alleged prejudice at this juncture.

Moreover, Whitesell timely filed its motion on April 2, 2018—the date that the parties jointly proposed as an amended Rule 16 Scheduling Order deadline for Whitesell

to add causes of action and parties. (Doc. 38 at 1). SPI admits that Whitesell timely filed its motion pursuant to the Scheduling Order, and thus, the court finds no merit in SPI's reference to the case's pending status as a reason to deny Whitesell's motion. Indeed, because SPI agreed to the amended pleading deadline, it cannot condemn any prejudice from a measure it sanctioned a mere few weeks ago. Of course, discovery still proceeds in this action until June 1, so the Defendants possess ample time to conduct a proper defense. Therefore, justice requires that the court freely grant leave to Whitesell to add a negligent/fraudulent misrepresentation claim against SPI.

### B. Whitesell May Add Bill Marthens as a Party Defendant for Most of the Claims

As countenanced previously, Whitesell seeks to add Bill Marthens, the alleged sole owner, director, and officer of SPI, as a party defendant. However, the question ensues whether the putative claims against Marthens are timely.[3] Because of the claims' different statutes of limitations, and the operation of Rule 15(c)(1)(C)'s relation-back provisions, the court **PARTIALLY GRANTS** and **PARTIALLY DENIES** Whitesell's request to add Marthens as a party defendant in this action.

Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part, that "on motion or on its own, the court may at any time, on just terms, add or drop a party."

---

[3] SPI contends that Whitesell's addition of Marthens as a party defendant serves "as a substitute for fictitious party pleading", arguing that Whitesell's initial complaint identified fictitious defendants—a practice allowed in Alabama state courts, but not in federal court. (Doc. 49 at 2-3). However, the court finds this argument irrelevant, as Whitesell removed the fictitious parties from its pleadings once SPI removed the case to federal court.

Fed. R. Civ. P. 21. Correspondingly, after a party serves a responsive pleading Rules 15 and 21 assume the same standards for resolving a motion to amend a complaint to add a party. *See Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1255 (11th Cir. 1998). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the seminal case on Rule 15, the Supreme Court held that "in the absence of any apparent or declared [improper] reason [for amendment] . . . the leave sought should, as the rules require, be freely given."

At the outset, the court again notes that Whitesell satisfies the Rule 15(a) standard.  It does not seek to add Marthens as a party out of undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by prior amendments.

Furthermore, the court also discerns no undue prejudice to Marthens by adding him as a party to this case.  Marthens, as the sole owner, director, and officer of SPI, has closely and intimately engaged in the litigation of this case since its inception. Indeed, Whitesell recently deposed Marthens, so he should be abundantly familiar with the claims and defenses in this case.  Most cogently, if Whitesell succeeds on its endeavor to establish Marthens as the alter ego of SPI, then SPI's conduct of discovery imputes directly Marthens's control over the defenses and litigation posture. Moreover, discovery proceeds in this action, so Marthens possesses ample time to lodge a proper defense in this case.  Therefore, the court observes no preparation prejudice hindering Marthens if Whitesell adds him as a party defendant.  Yet, this assessment does not incite the primary objection to the request, as the court must discern whether

the claims against Marthens are timely so as to allay concerns that an amendment would be futile.

In the proposed amended complaint, Whitesell pleads eight different claims against Marthens, based in either tort or contract law. Whitesell's contract claims against Marthens—breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, unjust enrichment[4], damage to property, breach of express warranty, and breach of contract—operate under six-year statutes of limitations. *See* Ala. Code §6-2-34(9). Whitesell's tort claims against Marthens—negligence and negligent misrepresentation—proceed under two-year statutes of limitations under Alabama law. *See* Ala. Code 6-2-38(l). The court concludes that Marthens will proceed as party defendant to the contract-based claims and the negligent/fraudulent misrepresentation claim, but not the negligence claim.

---

[4] At the outset, "there is a distinct absence of authority definitively stating the statute of limitations applicable to an unjust-enrichment claim." *Snider v. Morgan*, 113 So.3d 643, 655 (Ala. 2012)(citing *Auburn University v. International Business Machines, Corp.*, 716 F. Supp. 2d 1114 (M.D. Ala. 2010))(courts must look to the injury from which the claims arise and determine whether it could be classified as a tort or a contract injury). If a tort, "a two-year statute of limitations governs that claim." *Eaton v. Unum Group*, No. 7:15–cv–01204–LSC, 2015 WL 5306185, at *5 (N.D. Ala. Sept. 10, 2015). Otherwise, "the unjust enrichment theory is quasi-contractual . . . *White [v. Microsoft Corp.]*, 454 F. Supp. 2d [1118] at 1113 n.4 [(S.D. Ala. 2006)] (unjust enrichment is a legal fiction used to create an implied contract)[ ] . . . [and] . . . Alabama's six-year statute of limitations . . . [for] . . . breach of contract actions is applicable." *Shedd v. Wells Fargo Home Mortg., Inc.*, 2014 WL 6451245, *6 & n.4 (S.D. Ala. Nov. 17, 2014).

In Whitesell's proposed amended complaint, the unjust-enrichment claim refers to the washers that the parties contracted to sell to Whitesell. Therefore, the court finds that Whitesell's unjust enrichment claim arises from a contract injury and thus, the six-year statute of limitations applies.

1. <u>Whitesell's Contract-Based Claims Against Marthens are Timely</u>

Whitesell's request to add Marthens as a Defendant against Whitesell's *contract* claims proves timely under Rule 15, as the actions for which Whitesell alleges these contact claims occurred in 2015. The six-year limitations period for the contract-based claims has not expired as of yet. Therefore, adding Marthens as a defendant against the contract-based claims is not futile.

2. <u>Whitesell's Negligence Claim Against Marthens is Time-Barred</u>

As indicated earlier, Whitesell's negligence claim against Marthens proceeds under a two-year statute of limitations. Hence, on first analysis the negligence claim falters because the underlying events occurred in 2015. However, Whitesell's negligence claim against Marthens could "relate back" to the date of the timely-filed, original pleading if it meets Rule 15(c)'s requirements.

Specifically, Rule 15(c)(1)(C) provides that if an amendment changes the party or the naming of the party against whom a claim is asserted, the amendment relates back if it satisfies three requirements: (1) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; (2) the party to be brought in by amendment received notice of the action such that it will not be prejudiced in defending on the merits; and (3) the party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *See* Fed. R. Civ. P. 15(c). Furthermore,

the amended pleading must satisfy (2) and (3) within the period provided by Rule 4(m)—ninety (90) days—for serving the summons and complaint. *See* Fed. R. Civ. P. 4(m).

As for the first requirement, Whitesell's proposed negligence claim against Marthens arises out of the same conduct, events and occurrences set out in the original pleading – the contract regarding SPI's washers and the later-discovered flaws in the washers. Therefore, the sought amendment easily satisfies the first inquiry. Furthermore, there exists no dispute Marthens received notice of this action upon service of the original complaint. As stated, he serves as the sole owner, director, and officer of SPI. However, the parties vigorously dispute whether Whitesell's amended complaint satisfies the final requirement of Rule 15(c)(1)(C).

Whitesell's entreaty fails for two reasons. First, the plain meaning of Rule 15(c)(1)(C) does not encircle Marthens in its ambit. The rule permits a "change[] [in] the party or the naming of the party against whom a claim is asserted," not the addition of a party with an already named party. As a decision in the Middle District of Alabama surmised about the rule's plain meaning, "the joinder of a new defendant, in addition to the original defendant, does not relate back." *Stewart v. Bureaus Inv. Grp.,* LLC, 309 F.R.D. 654, 659 (M.D. Ala. 2015). Thus, "the plain language of Rule 15 advises that amendments relate back only when 'the plaintiff redirects an existing claim toward a different party, and drops the original party'[;] . . . proper party necessarily

16

implies an 'improper party,' not simply some other party." *Id.* (quoting *Telesaurus VPC, LLC v. Power*, No. CV 07–01311–PHX–NVW, 2011 WL 5024239, *3 (D.Ariz. Oct. 21, 2011)) (internal revisions omitted). The court cited a spate of other cases providing the same holding. *Stewart*, 309 F.R.D. at 659.[5]

Indeed, the discussion in *Krupski* bears this analysis. *Krupski* constituted a "wrong party" case and involved the less controversial substitution of one defendant for another defendant, rather than the addition of a new party. 560 U.S. at 544 (stating that the originally named defendant was dismissed by stipulation after plaintiff amended her complaint). There, the plaintiff mistakenly sued one business entity (Costa Cruise Lines) instead of the proper party (Costa Crociere S. p. A.). 560 U.S. at 543.

The Supreme Court buttressed its analysis with the rationale for Congress's amendment of Rule 15's relation-back provisions:

---

[5] *See In re Vitamin C Antitrust Litig.,* 995 F.Supp.2d 125, 129, 129–31 (E.D.N.Y.2014) ("Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake 'concerning the proper party's identity.' As a matter of plain language, this provision would appear to include only 'wrong party' cases, and not 'additional party' cases.... In an 'additional party' case like this one, there generally will be no 'mistake concerning' the proper party's identity.' "); *Jadco Enters., Inc. v. Fannon,* No. CIV.A. 6:12–225–DCR, 2013 WL 6055170, at *5 (E.D.Ky. Nov. 15, 2013) (citing *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 318 (6th Cir.2010)) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); *see also Venezia v. 12th & Div. Props., LLC,* No. 3:09–CV–430, 2010 WL 3122787, at *2 (M.D.Tenn. Aug. 6, 2010) (also citing *Asher,* 596 F.3d at 318); *Asten v. City of Boulder,* No. 08–CV–00845–PAB–MEH, 2010 WL 5464298, at *6 (D.Colo. Sept. 28, 2010) report and recommendation adopted, No. 08–CV–00845–PAB–MEH, 2010 WL 5464297 (D.Colo. Dec. 29, 2010); *Miracle of Life, L.L.C. v. N. Am. Van Lines, Inc.,* 368 F.Supp.2d 499, 502 (D.S.C.2005) (citing *Onan v. Cnty. of Roanoke, Va.,* 52 F.3d 321 (4th Cir.1995)); *Wilson v. U.S. Gov't,* 23 F.3d 559, 563 (1st Cir.1994); *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993) ; *Schieszler v. Ferrum Coll.,* 233 F.Supp.2d 796, 801 (W.D.Va.2002).

> [The rulemakers added Rule 15(c)(1)(C)] in 1966 to respond to a recurring problem in suits against the Federal Government, particularly in the Social Security context. Advisory Committee's 1966 Notes 122. Individuals who had filed timely lawsuits challenging the administrative denial of benefits often failed to name the party identified in the statute as the proper defendant - the current Secretary of what was then the Department of Health, Education, and Welfare - and named instead the United States; the Department of Health, Education, and Welfare itself; the nonexistent "Federal Security Administration"; or a Secretary who had recently retired from office.

*Id.* at 550. That is, Congress amended the provision to permit proper substitution for parties mistakenly named in pleadings. Those circumstances do not manifest in this case. Therefore, based upon the foregoing rationale Whitesell may not add the negligence claim against Marthens because it does not seek to substitute Marthens for SPI as the party defendant.

Even if Whitesell sought to substitute Marthens for SPI as a party, Rule 15(c)(1)(C)(ii)'s provision still bars its entreaty. As stated previously, where an amended pleading changes a party or a party's name, the Rule requires, among other things, that "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Therefore, relation back under Rule 15(c)(1)(C) "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere*, 560 U.S. 538, 545 (2010). Therefore, the operative

issue does not query whether Whitesell knew or should have known the identity of Mr. Marthens; rather, the analysis queries whether Marthens himself knew or should have known that he would be named as a defendant "but for an error." *Id.* at 548.

Nevertheless, Whitesell's failure to name Marthens as a defendant earlier did not result from a "mistake." The type of mistake contemplated by Rule 15(c)(1)(C)'s relation-back provision involves an error as to a party's proper identity. That is, did Marthens know, or should it have known, that Whitesell sued SPI in the mistaken perception that SPI was the proper party or that Marthens was not a proper party to this action? Surely not.

Whitesell argues that Marthens's March 2018, deposition revealed his role as the sole owner, director, and officer of SPI, as well as his culpability. This evidence does not indicate Whitesell mistakenly discerned Marthens's identity as a proper party. Rather, the evidence demonstrates Whitesell did not appreciate the importance of Marthens to this lawsuit and his putative status as a defendant. That is, Whitesell did not fail to sue Marthens in 2016 due to a "misimpression of the facts" regarding Marthens's involvement in the conduct and transactions; rather it failed to know about those pertinent facts. *See also Stewart*, 309 F.R.D. at 662. Making a deliberate choice to sue one party instead of another, while fully understanding the factual and legal differences between the two parties, serves as the antithesis of making a "mistake" concerning the proper party's identity. *See Krupski*, 560 U.S. at 549.)

Because Whitesell's addition of Marthens as a party defendant regarding the negligence claim does not relate back under Rule 15(c), it remains untimely. The court therefore denies Whitesell's request to add Marthens as a party defendant as to the negligence claim.

3. Whitesell Properly Includes a Negligent/Fraudulent Misrepresentation Against Marthens

The foregoing conclusion would appear applicable to Whitesell's negligent/fraudulent misrepresentation claims against Marthens. The negligent/fraudulent misrepresentation claim arises from the same conduct, transactions, and occurrences as the original complaint's claims – as the court determined previously – yet Marthens cannot take advantage of the original complaint's filing date given the relation-back analysis in the preceding section. However the negligent/fraudulent misrepresentation claim may not have accrued until very recently, which incites a fact dispute preserving the claim against Marthens for now.

SPI's main contention focuses on the two-year statute of limitations that Alabama attaches to claims of fraud. *See* Ala. Code § 6-5-101 (1975)("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud"); § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and

Because Whitesell's addition of Marthens as a party defendant regarding the negligence claim does not relate back under Rule 15(c), it remains untimely. The court therefore denies Whitesell's request to add Marthens as a party defendant as to the negligence claim.

3. Whitesell Properly Includes a Negligent/Fraudulent Misrepresentation Against Marthens

The foregoing conclusion would appear applicable to Whitesell's negligent/fraudulent misrepresentation claims against Marthens. The negligent/fraudulent misrepresentation claim arises from the same conduct, transactions, and occurrences as the original complaint's claims – as the court determined previously – yet Marthens cannot take advantage of the original complaint's filing date given the relation-back analysis in the preceding section. However the negligent/fraudulent misrepresentation claim may not have accrued until very recently, which incites a fact dispute preserving the claim against Marthens for now.

SPI's main contention focuses on the two-year statute of limitations that Alabama attaches to claims of fraud. *See* Ala. Code § 6-5-101 (1975)("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud"); § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and

not specifically enumerated in this section must be brought within two years.") . This provision would bar the claim as untimely if Whitesell relied upon the original complaint's filing date.

However, Alabama law provides a discovery rule for fraud claims, which conceivably abates the running of a limitations period. A fraud claim does not accrue "until the *discovery* by the aggrieved party of the fact constituting the fraud, after which [the party] must have *two years* within which to prosecute [the] action." Ala. Code § 6-2-3 (emphasis added). The standard for accrual of a fraud claim employs a reasonableness inquiry:

> [Alabama law] does not "save" a plaintiff's fraud claim so that the statutory limitations period does not begin to run until that plaintiff has some sort of *actual knowledge* of fraud. Instead, under *Foremost*, the limitations period begins to run when the *plaintiff was privy to facts which would "provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud." Willcutt v. Union Oil Co.*, 432 So.2d 1217, 1219 (Ala.1983) (quoting *Johnson v. Shenandoah Life Ins. Co.,* 291 Ala. 389, 397, 281 So.2d 636 (1973)); see also *Jefferson County Truck Growers Ass'n v. Tanner*, 341 So.2d 485, 488 (Ala.1977) ('Fraud is deemed to have been discovered when it ought to have been discovered. It is sufficient to begin the running of the statute of limitations that facts were known which would put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry.').

*Auto-Owners Insurance Co. v. Abston*, 822 So.2d 1187, 1194-95 (Ala. 2001)(emphasis in original).

The assessment regarding the period a reasonable person would have discovered alleged fraud generally comprises a question for the factfinder at trial. *Bryant Bank v. Talmage Kirkland & Co., Inc.*, 155 So.3d 231, 237 (Ala. 2014)(holding that defendants were not entitled to a summary judgment on Bryant Bank's negligent-misrepresentation claim based on the statute of limitations). For statute-of-limitations purposes, *when* a claim accrues is a question of law if the facts are undisputed and the evidence warrants but one conclusion. *Jim Walter Holmes, Inc. v. Kendrick*, 810 So. 2d 645, 650 (Ala. 2001)(citing *Kindred v. Burlington Northern R.R.*, 742 So. 2d 155, 157 (Ala. 1999)). However, if a party raises a disputed issue of fact, determining a claim's accrual date falls within the province of the trial's factfinder. *Id.*

Whitesell alleges in the proposed amended complaint that "[o]n March 2, 2018, Whitesell discovered that despite Defendants' representations that the subject washers they provided to Whitesell met F436 Specifications, Defendants had no idea whether these representations were true." In its response to Whitesell's motion, SPI argues that Whitesell has known the facts comprising the negligent misrepresentation claim as far back as August 2015. (Doc. 49 at 9). Both parties cite circumstances that support their contrasting timelines regarding the period Whitesell reasonably should have known

about the alleged misrepresentations. SPI refers to emails exchanged between Marthens and Whitesell representatives, while Whitesell refers to Marthens's deposition.[6]

The court finds that the parties' dispute on this issue encompasses fact questions reserved for the factfinder at trial. Thus, this dispute precludes the court from dismissing the negligent/fraudulent against Marthens on statute-of-limitations grounds. Therefore, the court permits filing of Whitesell's negligent/fraudulent misrepresentation claim against Marthens.

## Conclusion

Based on the foregoing analysis, the court **PARTIALLY GRANTS** and **PARTIALLY DENIES** Whitesell's Motion for Leave to File Third Amended Complaint. The court **GRANTS** leave to Whitesell to file its proposed amended complaint to the extent that the complaint adds: (1) the claim of negligent/fraudulent misrepresentation against both SPI and Marthens, and (2) Marthens as a party defendant against Whitesell's contract claims. The court **DENIES** Whitesell's request

---

[6] SPI alleges that Whitesell has known of the facts giving rise to Whitesell's negligent/fraudulent misrepresentation claim since August 25, 2015, when Marthens emailed Whitesell representatives. (Doc. 49-2 at 3). In this email, Marthens addresses Whitesell's concerns about the washers not meeting the F426 specifications and requests that Whitesell send him samples of the washers for lab testing. (*Id.*) He also encourages Whitesell to contact him directly in the future regarding this matter. (*Id.*)

Whitesell alleges that it remained unaware of the potential misrepresentation until Whitesell's attorneys deposed Marthens in March 2018. Whitesell argues that it discovered the following facts from statements made by Marthens in his deposition: (1) He serves as the president and the sole officer of SPI (Doc. 49-4 at 7); (2) SPI did not test any of the washers after they arrived at the facility (Doc. 49-4 at 17); (3) SPI requested certification regarding the washers on June 29, 2015 (Doc. 49-4 at 23); and (4) SPI received the washers in a container, but nobody opened it up upon receipt before shipping them to Whitesell. (Doc. 49-4 at 55).

to plead its negligence claim against Marthens. The court **ORDERS** Whitesell to file its proposed amended complaint by **May 5, 2018**, reflecting the foregoing ruling. Pursuant to Rule 15(a)(3), the Defendants shall have **14 days** to file responsive pleadings to Whitesell's Third Amended Complaint.

 **DONE** this 2nd day of May, 2018.

                               
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE